8350

MILEY v. DEER.

EAVES v. DEER.

1. JUDGMENT.—A PARTITION action will not be opened after final decree in absence of fraud, misrepresentation, concealment, or mistake on ground that advancements to the children are unequal.

2. WILLS—INTESTACY.—Where one dies leaving a will which cannot be probated because it has only two witnesses, but his hiers agree to accept it as valid and actually settle the estate by it, they are estopped from denying the paper is a will and insisting the deceased died intestate.

3. MERGER does not take place where the particular estate, the contingent remainder and the fee are all granted in the same deed or devised in the same will.

Before DeVore, J., Barnwell, September, 1911. Affirmed.

Two actions: (1) M. L. Miley against H. W. Deer *et al.*; (2) Mary A. Eaves against H. W. Deer *et al.* Plaintiff in both actions appeal.

*Messrs. R. C. Holman* and *W. A. Holman,* for appellants, cite: *As to merger:* 24 Ency. 413; 20 Ency. 588; 16 S. C. 330; Dud. Eq. 120; 87 S. C. 47; 74 S. C. 58; 47 S. C. 86. *Advancements:* 4 Strob. Eq. 124; 5 Rich. Eq. 15; 11 Rich. Eq. 108. *Family agreements apply to right in controversy:* 46 Am. Dec. 460; 1 Story Eq., secs. 1, 31; 1 Swanson 137; 4 Russell 34; 64 S. C. 298; 18 Ency. 97. *There is no waiver:* 8 Words and Phrases, 7375-7; 63 S. C. 192; 51 S. C. 469. *Nor estoppel:* 13 S. C. 355; 12 S. C. 351; 1 Freeman Judg., sec. 253; Black on Judg. 609; 17 S. C. 35.

*Messrs. Bates & Simms,* contra, cite: *Family settlements:* 49 S. C. 72; Story Eq. Jur., sec. 132; Pom. Eq. 580; 42 Am. Dec. 461; 9 Rich. Eq. 483; 19 S. C. 593; 32 S. C. 259; Rice 232. *Advancements apply only in intestacy:* 13 S. C. 528; 17 S. C. 512.

October 28, 1912.  The opinion of the Court was delivered by

' Mr. Justice Woods.  In these actions, which are tried together, the plaintiffs bring up for adjudication the rights acquired by themselves and their brothers, the daughters and sons of George Deer, under separate deeds made by him conveying different tracts of land to his children.  There is no dispute as to the facts.  George Deer died on January 27, 1893, leaving as his heirs his six children, H. W. Deer, J. M. Deer, John W. Deer, T. J. Deer, Mary A. Eaves and M. L. Miley, and several children of a daughter, Elizabeth Ulmer, who had predeceased her father.  After the death of George Deer, one of the sons, John W. Deer, died, leaving a widow and a number of children as his heirs.  From time to time George Deer settled his children on different tracts of land, and then conveyed the several tracts by deeds, the first to Henry W. Deer being dated 29 September, 1877, and the last to Thos. J. Deer, 20 December, 1889.  The last deed conveyed the homestead, and in it the grantor reserved the possession and use of a portion of the property conveyed for his lifetime.  The conveyances to the sons were in fee simple, but the provision for each of the daughters was made by a conveyance to the daughter and her husband, with a limitation, the form of which is shown by the following extract from one of the deeds : "To have and to hold all and singular the premises before mentioned unto the said Henry Miley and M. L. Miley for and during the natural life of the said M. L. Miley and then to any and all of the lawful children of the said Henry Miley and M. L. Miley living at the time of the death of the said M. L. Miley, to them and their heirs forever.  But should the said M. L. Miley die leaving no child or children at the time of her death, then the said land shall revert to the grantor and his heirs forever."

Just before his death, in 1893, George Deer signed a paper, drawn at his request by one of his neighbors, which

he intended as a will. This paper could not be admitted to probate as a will because it was attested by only two witnesses, but the heirs of George Deer, including the plaintiffs, agreed that it should be carried out as if it had been valid. Accordingly H. W. Deer and T. J. Deer, named in the paper as executors, took out letters of administration and settled the estate as directed in the written instrument. Each of the plaintiffs gave to the administrator a receipt dated 25 April, 1895, for the sum of $351.78, expressed in the receipt as "balance due on my distributive share of the estate of the late Geo. Deer." A tract of land of two hundred acres not mentioned in the paper intended as a will was partitioned in 1895 by a suit to which the plaintiffs were defendants, the complaint therein alleging that the children of George Deer owned no other lands in common. Mrs. Miley and Mrs. Eaves made default in that suit and received their share of the proceeds of the sale.

In June, 1909, fourteen years after these settlements of the estate of George Deer, the plaintiffs commenced these actions, which are grounded upon alleged inequality of advancements by a father who had died intestate. Specifically, the claim is that the lands given to the sons in fee are of at least equal value to the lands given to the daughters and their husbands for life with a limitation over, that the life estate is of less value than the fee, and that the sons should be required to bring their lands into hotch-potch so that there may be a general partition of all the lands conveyed as advancements, or that the plaintiffs should be adjudged to own in fee simple the lands given to them for life. The Circuit Court dismissed the complaint, holding that under the limitation of the deeds to the plaintiffs there could be no reversion of the lands until the death of the plaintiffs, the life tenants, and that partition could not be decreed until the lands reverted to the heirs of the grantor. The plaintiffs have appealed, alleging error in the Circuit decree, and the defendants interested seek to sustain the Circuit decree on additional grounds.

Consideration of the statute by which the subject of advancements is controlled compels the conclusion that the plaintiffs have no right of action. Civil Code 1912, sec. 3233. The statute relates to the distribution of intestate property, and provides for advancements to children to be taken into the account in the ascertainment of the distributive share of each child. The time to set up such advancements is when the distribution is made, and if they are not set up then they are considered to be waived. The precise point was decided in *Murrel* v. *Murrel,* 2 Strob. Eq. 148. In that case the settlement of the estate was made on 10 January, 1846, without charging the value of the lands alleged to constitute advancements, and on 16 April of the same year suit was brought to open the settlement and charge the alleged advancements. In dismissing the bill, the Court said: "But it is deemed of importance to say that in the opinion of this Court the complainants are concluded from making the question as to the alleged advancements, in consequence of the settlement which they had, and which was intended to be final and conclusive, save only as to the thousand dollars reserved for the use of their grandmother during her life. They had no right to open that settlement except upon the allegation and proof of fraud, misrepresentation, concealment or mistake of facts." In the present case no fraud, misrepresentation, concealment, or mistake of facts was charged. The plaintiffs were fully acquainted with the fact that their father had given them only a life estate in the lands conveyed to them, and their brothers a fee simple, and with this knowledge entered into a complete settlement of the estate of their father and received their shares without making any claim for inequality in advancements. Neither of them made any explanation in their pleadings or evidence of their failure to set up the advancements and demand an accounting for them.

There is another consideration also fatal to the plaintiffs' claim. The statute as to advancements applies only

in cases of intestacy.  *Allen* v. *Allen,* 13 S. C. 513; *McFall* v. *Sullivan,* 17 S. C. 504.  It is true the paper purporting to be a will had only two witnesses, but the plaintiffs agreed that it should be taken and acted upon, and the estate settled, as if it had been executed according to law.  The plaintiffs took benefits under the paper treated as a will which they would not have had in case of intestacy, and in their dealings with the other heirs they are now estopped from denying that the paper was a will and claiming the benefits of both testacy and intestacy. 40 Cyc. 1893.

But the plaintiffs insist, as we understand the position, that they are at least entitled to partition of the tracts of land conveyed to them by George Deer.  Appellants' counsel thus state the reasoning upon which they assert the right of partition as heirs of George Deer, although the contingency on which the heirs of George Deer are to take, that is the death of the plaintiffs without leaving a child or children, has not happened.  "It is clear that the deed to the two daughters, plaintiffs herein, upon his (testator's) death vested the fee by inheritance in his heirs at law and equally clear that he died intestate to the fee simple estate in both tracts of land given to his daughters, Mary A. Eaves and Mrs. M. L. Miley.  This being so, there was a merger of the interests of Mrs. Eaves of her aliquot portion in fee simple and a merger of the aliquot portion of Mrs. Miley by the descent cast of inheritance upon her by the death of her father, who died intestate, as to the fee simple title to the property; the rule is well settled that where two estates unite in the same person the lesser is merged in the greater estate."  The argument is fallacious, if for no other reason, because merger does not take place by reason of the particular estate and fee in remainder vesting in the same person, where the particular estate, the contingent remainder, and the fee are all granted in the same deed or devised in the same will, because to allow merger in such case would defeat the intention of the

grantor or testator. "From the inception of the rule that merger would take place and the contingent remainder be thereby defeated when the owner of the fee acquired the preceding particular estate, an exception was allowed when the will itself gave the particular estate and the fee to the same person, for the reason that to apply the rule in that case would defeat the intention of the testator. Fearne on Remainders, 340-344; 2 Wash. on Real Prop., 638-639. The same exception was applied to a deed to avoid defeating the intention of the grantor in *Burton* v. *Barkley, 7* Bing. 745, 20 E. C. L. 315." *McCreary* v. *Coggeshall,* 74 S. C. 42, 53 S. E. 978.

Affirmed.

MR. JUSTICE FRASER *concurs in the result.*